JOSEPH E. ADDIEGO III (SBN 169522)
joeaddiego@dwt.com
DAVIS WRIGHT TREMAINE LLP
50 California Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 276-6515
Facsimile: (415) 276-4815

JONATHAN R. DONNELLAN (*pro hac vice* forthcoming)
jdonnellan@hearst.com
ANDREA R. BUTLER (*pro hac vice* forthcoming)
abutler@hearst.com
KRISTEN HAUSER (*pro hac vice* forthcoming)
khauser@hearst.com
THE HEARST CORPORATION
300 West 57th Street
New York, New York 10019-3792
Telephone: (212) 841-7000
Facsimile: (212) 554-7000

Attorneys for Defendant
HEARST MAGAZINE MEDIA, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YASMIN AZAM, individually and on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>HEARST MAGAZINE MEDIA, INC., a Delaware corporation,<br><br>Defendant. | Case No. 3:25-cv-6603<br><br>**<u>PUTATIVE CLASS ACTION</u>**<br><br>**NOTICE OF REMOVAL OF DEFENDANT HEARST MAGAZINE MEDIA, INC. PURSUANT TO 28 U.S.C. §§ 1332, 1441, & 1446**<br><br>Action filed: June 30, 2025<br>Action removed: August 5, 2025<br><br>Removed from the Superior Court of the State of California, County of Alameda, Case No. 25CV128449 |

**NOTICE OF REMOVAL**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d)(2), 1441, and 1446, Defendant Hearst Magazine Media, Inc. ("HMMI") hereby makes a special appearance, and not a general appearance, and removes the above-captioned putative class action from the Superior Court of California, County of Alameda, to the United States District Court for the Northern District of California. Defendant denies the allegations and relief sought in the Complaint, and files this Notice without waiving and with full reservation of any and all defenses (including, but not limited to, as to personal jurisdiction), exceptions, or obligations that may exist in its favor. Defendant also files this Notice without conceding, and specifically reserving, its right to contest the suitability of this lawsuit for certification as a class action. Defendant will provide evidence to support the allegations of this pleading as required in the event a challenge is raised to this Court's jurisdiction. As more fully set forth below, this is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 (d)(2), and this action is removable pursuant to 28 U.S.C. § 1441, because it is a putative class action between citizens of different states in which the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

**RELEVANT PROCEDURAL HISTORY**

1. On June 30, 2025, Plaintiff Yasmin Azam ("Plaintiff") commenced this putative class action captioned *Yasmin Azam, individually and on behalf of similarly situated individuals v. Hearst Magazine Media, Inc.*, in the Superior Court of the State of California, County of Alameda, Case No. 25CV128449.

2. On July 7, 2025, Plaintiff, through her counsel, caused a copy of the Summons and Complaint to be served on Defendant through its agent for service of process in California. Pursuant to 28 U.S.C. § 1446(a), a true copy of Plaintiff's Complaint filed in the State Court Action and served on Defendant is attached hereto as **Exhibit A**.

3. In addition to the Complaint, all other pleadings, processes, and orders served upon or received by Defendant in the State Court Action are attached:

a. The Summons is attached as **Exhibit B**;

b. The Civil Case Cover Sheet is attached as **Exhibit C**; and

c. The Notice of Case Management Conference and is attached as **Exhibit D.**

## I. ALLEGATIONS OF THE COMPLAINT

4. In the Complaint, Plaintiff purports to represent a class comprising "[a]ll persons within the state of California who, during the relevant limitations period, visited cosmopolitan.com and requested or viewed video contents." (Compl. ¶ 38; *see also id.* ¶ 1).

5. According to the Complaint, HMMI, the owner and operator of the website cosmopolitan.com, "knowingly installed pixels and other tracking technologies developed by third party advertisers, including the Meta Pixel, to intercept, collect, and disclose its Website visitors' personally identifiable information ('PII') relating to specific videos that the Website visitors have viewed" without Website visitors' consent (Compl. ¶¶ 2, 3, 17; *see also id.* ¶¶ 18-27). Through those installations, the Complaint alleges that HMMI "knowingly discloses and aides [sic] and abets" the third party advertisers' interception and of the putative class members' PII and video viewing history. (*Id.* ¶¶ 3-5, *see also id.* ¶¶ 18-27, 33).

6. Based on these allegations, the Complaint purports to allege claims on behalf of Plaintiff and the putative class for violations of Section 631(a) of the California Invasion of Privacy Act, Cal. Pen. Code § 630 *et seq.* ("CIPA"). (Compl. ¶¶ 1, 5, 12-16, 26-27, 36-38, 46-53).

7. The Complaint seeks all available relief under CIPA § 637.2, including declaratory relief, injunctive relief, an award of statutory damages of $5,000 per violation to Plaintiff and each class member, punitive damages in an amount to be determined, and attorney's fees and costs. (Compl. ¶¶ 16, 37, 45, 53 & p. 11).

8. Defendant denies any and all liability to Plaintiff or to the proposed class she seeks to represent, and denies that Plaintiff or the putative class members are entitled to recover the damages, restitution, and other relief requested in the Complaint. HMMI also submits that this

action does not satisfy the requirements for class certification under Fed. R. Civ. P .23. Moreover, HMMI specifically reserves and does not waive its rights to challenge personal jurisdiction over it in California courts (both state and federal). *See, e.g.*, *Freeney v. Bank of Am. Corp.*, No. CV 15-02376, 2015 WL 4366439, at *20 (C.D. Cal. July 16, 2015) (collecting cases) ("A defendant's election to remove a case to federal court does not waive a personal jurisdiction defense.").

**II. VENUE**

9. The State Court Action was filed in the Superior Court of the State of California, Alameda County. Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the Northern District of California is the proper venue for this removal as this district "embrac[es] the place where" the action is pending.

**III. NOTICE**

10. Pursuant to 28 U.S.C. § 1446(d), HMMI will promptly serve a copy of this Notice of Removal on Plaintiff and a file it with the Clerk of the Superior Court of the State of California, County of Alameda.

**IV. ORIGINAL JURISDICTION UNDER CAFA**

11. This Court has jurisdiction over this case under CAFA, 28 U.S.C. § 1332(d), and this case may be removed under the provisions of 28 U.S.C. § 1441(a). Specifically, this is a putative class action where, as alleged: (1) the proposed class contains at least 100 members; (2) no Defendant is a state, state official or other governmental entity; (3) the total amount in controversy for all putative class members exceeds the sum or value of $5,000,000, exclusive of interest and costs; and (4) there is diversity between at least one putative class member and one Defendant. Therefore, CAFA authorizes removal of this action in accordance with 28 U.S.C. § 1446.

12. This action satisfies CAFA's definition of a class action, which is "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute . . . authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B); 28 U.S.C. § 1453(a), (b); *supra* ¶ 3.

**A. The Proposed Class Contains At Least 100 Members.**

13. Plaintiff's proposed class contains at least 100 members. The Complaint alleges that the putative class comprises "thousands" of members. (Compl. ¶ 40).

**B. Defendants Are Not States, State Officials, Or Other Governmental Entities.**

14. Defendant HMMI is not a state, state official, or other governmental entity. *Infra* ¶ 28.

**C. The Amount In Controversy Exceeds $5,000,000.**

15. As an initial matter, HMMI in no way concedes it has any liability to Plaintiff or the putative class and denies that Plaintiff or the putative class members are entitled to recover the statutory damages, punitive damages, injunctive relief, declaratory relief or attorney's fees, or any other relief.

16. Under 28 U.S.C. § 1332(d)(6), "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." "Congress and the Supreme Court have instructed [courts] to interpret CAFA's provisions under section 1332 broadly in favor of removal," *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015), and "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

17. When measuring the amount in controversy, "a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Campbell v. Vitran Exp., Inc.*, 471 F App'x 646, 648 (9th Cir. 2012) (quotations and citations omitted). A defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co.*, 574 U.S. at 89. Defenses a defendant may assert are not considered in assessing the amount placed in controversy. *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774 (9th Cir. 2020). To determine the amount in controversy, courts may consider the maximum statutory

penalty available. *Gonzalez v. Comenity Cap. Bank*, No. 1:19-CV-00342, 2019 WL 5304924, at *5-8 (E.D. Cal. Oct. 21, 2019).

18. Plaintiff, on behalf of herself and the class she seeks to represent, seeks statutory damages of $5,000 per violation, punitive damages, declaratory relief, injunctive relief and an award of attorney's fees and costs. *Supra* ¶ 6.

19. The Complaint here facially pleads an amount in controversy that exceeds $5,000,000.

20. Plaintiff alleges that she "visited cosmopolitan.com on several occasions within the past year" and "has sent several click interactions to Defendant's Website within the past year." (Compl. ¶¶ 28, 32). "Each time Plaintiff clicked to view a video content on Defendant's website," she alleges that HMMI knowingly aided and abetted the interception of her PII and contents of her electronic communications to third parties including Facebook. (*Id.* ¶ 33). As a result, she alleges she is entitled to statutory damages of $5,000 per violation under Cal. Penal Code § 637.2(a)(1). (Compl. ¶¶ 31, 37, 53).

21. Plaintiff seeks to bring this action on behalf of a class consisting of "thousands" of putative class members in the state of California, who visited the website www.cosmopolitan.com and requested or viewed video contents. (Compl. ¶¶ 38, 40). On their behalf, she seeks an award of statutory damages of $5,000 per alleged violation. (*Id.* ¶ 53 & at p. 11). Under Plaintiff's alleged theory, the aggregate statutory damages sought exceeds $5,000,000.

22. Plaintiff's claim for injunctive relief, punitive damages, and attorney's fees also should be included determining whether the amount in controversy is satisfied under CAFA. *See, e.g.*, *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (attorney's fees); *Lokey v. CVS Pharmacy, Inc.*, No. 20-cv-04782, 2020 WL 5569705, at *5 (N.D. Cal. Sept. 17, 2020) (injunctive relief); *Greene*, 965 F.3d at 772 (punitive damages). The Complaint seeks an unspecified amount of punitive damages and attorney's fees. (Compl. at p. 11). Upon information and belief, those amounts sought by Plaintiff and the putative class would be substantial. Moreover, upon information and belief, compliance with an unspecified injunction prohibiting or

limiting the use of third-party technology (*e.g.*, Compl. ¶¶ 3, 6, 47, 53 & p. 11) on HMMI's websites would also be substantial.

23. Thus, at a minimum, the amount Plaintiff has placed in controversy exceeds the $5,000,000 statutory threshold.

**D. Diversity of Citizenship.**

24. CAFA's minimum diversity requirement is satisfied when at least one putative class member is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2).

25. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) (citation omitted).

26. The Complaint alleges that Plaintiff is a resident of California. (Compl. ¶ 10). Upon information and belief, Plaintiff is a citizen of California.

27. The Complaint also alleges a putative class definition limited to "persons within the state of California." (Compl. ¶ 38).

28. For diversity purposes, a corporation "shall be deemed to be a citizen of every State and foreign State by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). To determine a corporation's principal place of business, courts apply the "nerve center" test, which deems the principal place of business to be the state in which the corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 91 (2010). A corporation's principal place of business will typically be where the corporation maintains its headquarters. *Id.* at 81.

29. Plaintiff alleges that Defendant HMMI is a corporation incorporated in Delaware (Compl. ¶ 11). HMMI's principal place of business is in New York, New York. HMMI is thus a citizen of Delaware and New York.

30. Because Plaintiff is not a citizen of Delaware or New York, and because HMMI is not a citizen of California, at least one putative class member is diverse from a defendant and CAFA's minimal diversity requirement is met.

## V. TIMELINESS

31. Removal is timely if it is noticed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).

32. This removal is timely. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal has been filed within 30 days after Plaintiff served Summons and Complaint on HMMI via CT Corporation System on July 7, 2025, and HMMI received a copy of Summons and Complaint from CT Corporation System on that same date. (Ex. A, p. 1).

33. In sum, this case should be removed to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1332(d)(2) and 1441, 1446.

## CONCLUSION

WHEREFORE, HMMI respectfully removes this action to the United States District Court for the Northern District of California for further proceedings pursuant to this Notice.

DATED: August 5, 2025

Respectfully submitted,
DAVIS WRIGHT TREMAINE LLP
JOSEPH E. ADDIEGO III

THE HEARST CORPORATION
JONATHAN R. DONNELLAN (*pro hac vice forthcoming*)
ANDREA R. BUTLER (*pro hac vice forthcoming*)
KRISTEN L. HAUSER (*pro hac vice forthcoming*)

By: 
Joseph E. Addiego III

*Attorneys for Defendant Hearst Magazine Media, Inc.*