# EXHIBIT A

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
06/30/2025 at 12:00:00 AM
By: Damaree Franklin,
Deputy Clerk

Eugene Y. Turin (SB # 342413)
MCGUIRE LAW, P.C.
10089 Willowcreek Road, Suite 200
San Diego, CA 92131
Tel: (312) 893-7002 Ex. 3
Fax: 312-275-7895
eturin@mcgpc.com

*Counsel for Plaintiff and the Putative Class Members*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| YASMIN AZAM, individually and on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>HEARST MAGAZINE MEDIA, INC., a Delaware corporation,<br><br>Defendant. | Case No. 25CV128449<br><br>**CLASS ACTION COMPLAINT**<br><br>1. Violation of California Invasion of Privacy Act, Cal. Pen. Code § 630 *et seq.*<br><br>DEMAND FOR JURY TRIAL |

**CLASS ACTION COMPLAINT**

Plaintiff Yasmin Azam ("Plaintiff") brings this Class Action Complaint against Defendant Hearst Magazine Media, Inc. ("Defendant", "Cosmo" or "cosmopolitan.com"), to stop Defendant's unlawful tracking and disclosure of its cosmopolitan.com website visitors' statutorily protected information and to seek redress for all those who have been harmed by Defendant's misconduct. In particular, Defendant shares its website visitors' video viewing data with third-party parties without first obtaining valid consent. Plaintiff alleges as follows based on her

CLASS ACTION COMPLAINT                                       CASE NO.

individual personal knowledge, acts, and experiences and as to all other matters, on information and belief, including an investigation by her attorneys.

## NATURE OF THE CASE

1. This is a class action suit brought against Defendant for privacy violations pursuant to the California Invasion of Privacy Act ("CIPA"), Cal. Pen. Code. § 630, *et seq.*

2. Defendant owns and operates cosmopolitan.com (the "Website"), an online website that delivers content for the fashion and entertainment company, Cosmo.

3. Unbeknownst to its Website visitors, Defendant has knowingly installed pixels and other tracking technologies developed by third party advertisers, including the Meta Pixel, to intercept, collect, and disclose its Website visitors' personally identifiable information ("PII") relating to specific videos that the Website visitors have viewed.

4. Defendant knowingly discloses and aides and abets the interception of this information to third-party tracking, analytic, and advertising providers so that they can target specific users with tailored advertisements based on their viewing history and website activity.

5. Defendant discloses, and allows other third parties to intercept, its Website visitors' statutorily protected information and PII without their knowledge or consent. In doing so, Defendant has violated CIPA, and the privacy rights of Plaintiff and the other Class members.

6. Accordingly, Plaintiff brings this class action for legal and equitable remedies to redress and put a stop to Defendant's practices of knowingly disclosing and aiding the interception of its Website visitors' statutorily protected information to third-parties.

## JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction over this action pursuant to Cal. Code Civ. Proc. § 410.10 and Article VI, § 10 of the California Constitution.

8. This Court has personal jurisdiction over Defendant because a substantial part of the events giving rise to the claims asserted herein occurred in this County, as Plaintiff resides in this County and was subject to Defendant's unlawful conduct in this County.

9. Venue is proper within this judicial district as the acts from which this dispute arose occurred within this judicial district.

## PARTIES

10. Plaintiff Yasmin Azam is a resident within the State of California.

11. Defendant Hearst Magazine Media, Inc. is a corporation organized and existing under the laws of the State of Delaware and doing business in the County of Alameda, California.

## COMMON FACTUAL ALLEGATIONS

I. **The California Invasion of Privacy Act**

12. CIPA was enacted "to protect the right of privacy of the people of [California]." Cal. Penal Code § 630. The California Legislature was concerned about emergent technologies that allowed for "eavesdropping upon private communications," believing such technologies "created a serious threat to the free exercise of personal liberties and cannot be tolerated in a free and civilized society." *Id.*

13. As part of CIPA, the California Legislature enacted § 631(a), which prohibits any person or entity from [i] "intentionally tap[ping], or mak[ing] any unauthorized connection … with any telegraph or telephone wire," [ii] "willfully and without the consent of all parties to the communication … read[ing], or attempt[ing]

to read, or to learn the contents or meaning of any … communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within [California]," or [iii] "us[ing], or attempt[ing] to use … any information so obtained."

14. CIPA § 631(a) also penalizes [iv] those who "aid[], agree[] with, employ[], or conspire[] with any person" who conducts the aforementioned wiretapping, or those who "permit" the wiretapping.

15. § 631(a) is not limited to phone lines, but also applies to "new technologies" such as computers, the Internet, and email. *Jee Javier v. Assurance IQ, LLC*, 2022 WL 1744107, at *1 (9th Cir. May 31, 2022).

16. Individuals may bring an action under CIPA §§ 631 for $5,000 per violation. Cal. Penal Code § 637.2(a)(1).

## II. Defendant Intercepted and Disclosed the Contents of its Website Visitors' Electronic Communications to Third Parties.

17. Defendant owns and operates cosmopolitan.com, an online website that delivers content, including prerecorded video content, for the fashion and entertainment company, Cosmo.

18. Importantly, Defendant's Website visitors are not provided notice or specifically asked to consent to Defendant sharing and disclosing, or aiding and abetting in the interception of, their PII and the contents of their communications to third parties, including information which identifies them as having viewed or requested specific video content.

19. However, despite not obtaining informed consent from its Website visitors, Defendant discloses, and aids in the interception of, the contents of their electronic communications to various third parties.

20. Specifically, a live data-traffic analysis of Defendant's Website shows

1  that Defendant incorporated and installed third-party tracking technologies into its
2  Website so that whenever visitors watch video content, their PII and the contents of
3  their electronic communications are intercepted in real time while in transit by such
4  third parties, including by Facebook via its Meta Pixel.

5       21.    The Meta Pixel is a piece of code that online media providers, like
6  Defendant, can integrate into their websites. Once activated, the Meta Pixel tracks
7  user's PII (such as the users' identity and the specific video content they requested)
8  and the type of actions they take on the website, such as the clicks the user makes,
9  and disseminates that information to Facebook. Therefore, when one of Defendant's
10 Website visitors requests to watch a video on cosmopolitan.com, the Meta Pixel sends
11 that video request, along with the persons' PII and identity, to Facebook.

12      22.    The image below illustrates that Defendant has configured the Meta
13 Pixel to capture all the users' website interactions including button clicks.

```
Meta Pixel Helper                                    ⤴
Learn More
─────────────────────────────────────────────────────
One pixel found on www.cosmopolitan.com
─────────────────────────────────────────────────────
Meta Pixel                              Troubleshoot Pixel
Pixel ID: 690796760981964 click to copy  Set up events

▸ ● CompleteContent_Q1
▸ ● JourneyThrottledGate
▸ ● PageView
▸ ⚡ Button Click Automatically Detected ⓘ
▸ ● ViewContent
```

26      23.    Thus, Defendant collects, discloses, and aids and abets in the collection
27 and disclosure of the contents of its Website visitors' communications, including

information identifying that a Website visitor has requested specific video content and clicked for certain interactions.

24. Defendant does not, however, obtain the Website visitors' prior consent to disclose such information.

25. Defendant's Website visitors expect that they are communicating directly with Defendant via Defendant's Website, however, the contents of their communications with the Website are in fact being disclosed to, and intercepted by, undisclosed third parties including Meta.

26. Therefore, Defendant aided and conspired with third party tracking entities to intercept its Website visitors' electronic communications, because Defendant knowingly installed tracking technologies on its Website and knew such communications would be intercepted as a result.

27. As a result, Defendant has violated CIPA.

### FACTS SPECIFIC TO PLAINTIFF

28. Plaintiff has visited cosmopolitan.com on several occasions within the past year.

29. Plaintiff does not have an account on Defendant's Website nor does she have a subscription.

30. At all relevant times, Plaintiff has been a Facebook account holder.

31. Plaintiff has used Defendant's Website to view prerecorded video materials within the past year.

32. Plaintiff has sent several click interactions to Defendant's Website within the past year.

33. Each time Plaintiff clicked to view a video content on Defendant's Website, Defendant knowingly and intentionally disclosed, and aided and abetted in the interception of, Plaintiff's PII and the contents of her electronic communications, including specifically her viewing history and personally identifying information, as

described in detail above, to third parties, including to Facebook.

34. Plaintiff never specifically and separately consented, agreed, authorized, or otherwise permitted Defendant to disclose, and aid in the interception of, her PII and click interactions to third parties.

35. To this day, Plaintiff is unaware of the status of her PII and the contents of her electronic communications, to whom it has been disclosed, and who has possession and retained her PII as a result of Defendant's illegal conduct.

36. By intercepting and aiding third parties in intercepting the contents of Plaintiff's electronic communications, which reveals both her identity and the videos that she viewed and requested, as well as her click interactions, Defendant has intentionally and knowingly violated Plaintiff's privacy rights.

37. As such, Plaintiff is entitled to statutory damages.

## CLASS ALLEGATIONS

38. Plaintiff brings this action individually and on behalf of a Class (the "Class") defined as follows:

> Class: All persons within the state of California who, during the relevant limitations period, visited www.cosmopolitan.com and requested or viewed video contents.

39. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officers or directors.

40. Upon information and belief, there are thousands of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class are currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

41. Plaintiff's claims are typical of the claims of the members of the Class Plaintiff seeks to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the other members are the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all suffered damages as a result of Defendant's privacy violations.

42. There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

(a) Whether Defendant knowingly disclosed the contents of Class members' electronic communications to third-parties;

(b) Whether Class members provided consent to Defendant's disclosure of their communications to third parties;

(c) Whether Defendant aided third parties in the interception of Class members' communications with its Website;

(d) Whether the Class members are entitled to damages and other relief as a result of Defendant's conduct.

43. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions in that it conserves the resources of the courts and the litigants and promotes consistency of adjudication.

44. Plaintiff will adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the other members of

the Class and have the financial resources to do so. Neither Plaintiff nor Plaintiff's counsel have any interest adverse to those of the other members of the Class.

45. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

## COUNT ONE
### Violations of the California Invasion of Privacy Act
### Cal. Pen. Code § 631(a)
### (On behalf of Plaintiff and the Class)

46. Plaintiff hereby incorporates the above allegations by reference as though fully set forth herein.

47. CIPA § 631(a) imposes liability for "distinct and mutually independent patterns of conduct." *Tavernetti v. Superior Ct.*, 22 Cal. 3d 187, 192-93 (1978). Therefore, to establish liability under CIPA § 631(a), a plaintiff need only establish that the defendant "by means of any machine, instrument, contrivance, or in any other manner," committed any of the following:

> (i) intentionally tapped, or made any unauthorized connection, whether physically, electrically, acoustically, inductively or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, cable, or instrument of any internal telephonic communication system;
>
> *or*
>
> (ii) willfully and without consent of all parties to the communication, or in any unauthorized manner, reads or attempts to read or learn the contents or meaning of any message, report, or communication while the

same is in transit or passing over any wire, line or cable or is being sent from or received at any place within this state;

or

(iii)

uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained;

or

(iv) aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit or cause to be done any of the acts or things mentioned above in this section. Cal. Pen. Code. § 631 (a).

48. The third-party activity tracking technologies Defendant programmed into its Website are each a "machine, instrument, contrivance, or … other manner" used to read or learn the contents or meaning of messages, reports, or communications between Plaintiff and the other Class members and Defendant.

49. Defendant's third-party tracking providers were third parties to communications between Plaintiff and the other Class members and Defendant.

50. Defendant's third-party tracking providers willfully and without the consent of all parties to the communication, or in any authorized manner, read, attempted to read, and/or learned the contents or meaning of electronic communications between Plaintiff and the Class members, on the one hand, and Defendant, on the other, while the electronic communications were in transit or were being sent from or received at a place within California.

51. Defendant aided and conspired, agreed with, employed, permitted, or otherwise enabled its third-party tracking providers to wiretap Plaintiff's and the other Class members' PII and the contents of their electronic communications with Defendant. Defendant knew that the third-party tracking technology it installed on its Website would result in the disclosure of user communications to third parties, as

increasing its advertising presence on other platforms was one of Defendant's purposes for implementing such technology.

52. Plaintiff and the other Class members did not provide their prior consent to such third parties' access, interception, reading, learning, recording, collection, and usage of their electronic communications. Nor did Plaintiff and the other Class members provide their prior consent to Defendant aiding, agreeing with, employing, permitting, or otherwise enabling its third-party vendors' conduct.

53. Plaintiff and the other members of the Class seek all relief available under Cal. Pen. Code § 637.2, including injunctive relief and statutory damages of $5,000 per violation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for the following relief:

1. An order certifying the Class as defined above;

2. An order declaring that Defendant's conduct violates CIPA;

3. An order enjoining Defendant from continuing to engage in the unlawful conduct and practices described herein;

4. An award of statutory damages under CIPA to the Class;

5. For punitive damages, as warranted, in an amount to be determined at trial;

6. An award of attorney's fees and costs; and

7. Award such further relief as the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

DATED: June 29, 2025

Respectfully submitted,

YASMIN AZAM, individually and on behalf of similarly situated individuals

By: /s/ *Eugene Y. Turin*
One of Plaintiff's Attorneys

Eugene Y. Turin (SB # 342413)
MCGUIRE LAW, P.C.
10089 Willowcreek Road, Suite 200
San Diego, CA 92131
Tel: (312) 893-7002 Ex. 3
Fax: 312-275-7895
eturin@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

CLASS ACTION COMPLAINT                12                CASE NO.